## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 08-CR-10323-GAO |
| v. | |
| FRANCIS G. JANOSKO,<br>    Defendant. | |

### UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

The United States of America recommends that the Court accept the plea agreement in this case and sentence Defendant Francis Janosko to 18 months of incarceration; three years of supervised release; restitution for $21,505; no fine unless the Court finds Mr. Janosko able or likely to become able to pay a fine on a reasonable installment schedule; and a mandatory special assessment of $100.

Eighteen months reasonably balances the competing considerations in this case: Janosko changed the computer's password, but let other prisoners use the system; he had access to highly personal identity information about prison personnel and job applicants, but the government found no evidence that he used it to harm people monetarily; he had a password to a computer database program, but was unable to use it; he has a significant criminal history, but he is accepting responsibility for this crime. An 18-month sentence along with restitution and — possibly most difficult for Janosko given his criminal history — supervised release sends the right message to prisoners, computer hackers, and Janosko himself that hacking into government computers will be punished firmly, even absent extensive monetary damages.

The United States Attorney's Office is aware of the question of whether the Bureau of Prisons will credit Janosko with the time he spent in state pre-trial detention for an unrelated

state case that was ultimately dismissed. Janosko should not receive credit for this. The provision that gives credit for prior custody, 18 U.S.C. § 3585(b), does not apply to Janosko's situation. Section 3585(b) gives a defendant "credit toward the service of a [federal] term of imprisonment for any time he has spent in official detention prior to the date the sentence commences — (1) as a result of the offense for which the [federal] sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Section 3585(b)(1) does not apply because Janosko's state pre-trial detention was completely unrelated to the current federal offense: it was not "a result of the offense for which the [federal] sentence [in this case] [is being] imposed." *See* § 3585(b)(1). Section 3585(b)(2) does not apply because Janosko's state pretrial detention was not the "result of any other charge for which the defendant was arrested after the commission of the [federal] offense". *See* § 3585(b)(2). Quite the opposite: Janosko was arrested for the state charge *before* he committed the computer hacking, not after. Granted, Janosko remained in custody after committing the federal offense, and he might have been put in solitary confinement because of the federal offense. But he was not in pretrial detention because of a "charge for which the defendant was *arrested* after the commission of the [federal] offense." *See* § 3585(b)(2) (emphasis added). In fact, the only charges for which Janosko was arrested after he committed the present federal offense were the charges for this federal offense. Thus, the only credit he should get for pre-trial detention should be, under § 3585(b)(1), credit for his pre-trial detention following his arrest in this federal case.

Regardless, this question is not before the Court and cannot be before this Court because, as this Court ruled earlier this week, "sentencing courts are not authorized to calculate the credit

given for pre-trial detention." *United States v. Chityal*, — F. Supp. 2d —, 2009 WL 4799191 at *6, *7 (D. Mass. Dec. 14, 2009) (O'Toole, J.) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)).  Thus, although the United States believes that each defendant, including Mr. Janosko, should have their credit (if any) for pre-trial detention calculated correctly, it would be improper for this Court to calculate Janosko's sentence now on the assumption that Janosko will or will not, or should or should not, receive credit.  That calculation is initially for the Bureau of Prisons, not this Court.  *Id.*

For these reasons, the Court should accept the plea agreement and sentence Mr. Janosko to 18 months of incarceration; three years of supervised release; restitution for $21,505; no fine unless the Court finds Mr. Janosko able or likely to become able to pay a fine on a reasonable installment schedule; and a mandatory special assessment of $100.

        Respectfully submitted,

        Carmen M. Ortiz
        United States Attorney

By:   /s/ Scott L. Garland
       Scott L. Garland
       Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the ECF system should therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              /s/ Scott L. Garland
                                              Scott L. Garland
                                              Assistant United States Attorney

Date: December 16, 2009